West'n District,
*Sept*. 1824.

TAYLOR
*vs.*
CURTIS.

---

## WATERS vs. WILSON & AL.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court.

The petition states that the estate of the late James H. Gordon was indebted to the plaintiff, in the sum of $869 71 cents: that this debt has been classified by the judge of probates of the parish of Rapides as a privileged debt: that notwithstanding this classification, the defendants, though often requested, have refused to pay the same. It concludes by praying for citation, and judgment for the amount ascertained, and settled by the court of probates.

A curator, or beneficiary heir, ordered by the court of probates to pay a debt, may be sued in the district court.

West'n District,
Sept. 1824.

WATERS
vs.
WILSON & AL.

The answer contains a plea of payment, and the general issue. Judgment was given in the district court against the defendants in their personal capacity, and they have appealed.

In this court the appellants have assigned for error, that the district court had not jurisdiction of the case: and that this jurisdiction being a want of power in relation to the subject matter, may be shewn at any time before final judgment.

The appellees insist that the exclusive jurisdiction of the court of probates, only relates to the examination and classification of the different claims against the estate; and that these objects once obtained, an action can be maintained before any of the ordinary tribunals, to recover the amount due.

The provisions in our civil code, in relation to the settlement of estates, administered by curators, or beneficiary heirs, seem altogether to proceed, on the apprehension, that the curator would pay too soon, and that the absent creditors would be injured: for there is not a single provision in it, which provides the means of quickening the representative, in the discharge of his duties, by compelling him to publish the account of the classification, and

place the estate in a situation for discharging its debts: Nor any which speaks of, or indicates, the form of execution that should issue against him. In practice, however, we believe it has been customary for the court of probates, after classification of the debts, to order the curator to pay them. The judge, in the instance before us, acted on this idea; for we find in the record, that he ordered the defendant to pay the debts which were classed, *out of the funds in hand;* and the correctness of this order cannot be enquired into now, for no appeal was taken from it. Under a late act of the legislature he has the power to enforce such decrees; for it declares, in express terms, "that the court of probates shall have power to issue *all writs and mandates* as may be necessary for the execution of its orders, judgments, and decrees." *Acts of the legislature,* 1820—96 *sect.* 9.

Had, therefore, this suit been brought since the passage of the act referred to, we should be strongly inclined to believe it could not be maintained. But it is not that question, but another, which is now before us; and that is, whether antecedent to the passage of this law, a curator, or beneficiary heir who failed to comply with an order to pay the creditors, after classi-

fication, could be compelled to do so by an ordinary suit. For the solution of the question, it becomes necessary to look into the situation of the estate at the time the order was given, and what were the powers of the court in relation to it. By law, the whole estate is directed to be sold, and the proceeds are presumed to be in the hands of the administrator. No execution, therefore, could issue against the property of the succession, and the only means which the court of probates could have used, would have been some written process, which might have compelled the representative of the estate to discharge the personal responsibility he had incurred.

Now, previous to the passage of the act already referred to, it does not appear to us that such means were placed within the reach of that tribunal: indeed the very enactments there made on the subject matter, must have proceeded on the idea that such powers were not possessed by the court of probates, and that it was necessary to confer them. What then was the consequence of the probate court wanting means to enforce its orders? That the curator or beneficiary heir could retain the funds, he was ordered to pay over to others so

long as he pleased. We think not. We consider his failure to comply with an order given against him in his *representative capacity*, created a cause of action which made him responsible *in his personal*; and that the action might be prosecuted either by a suit on his bond, or by setting out the particular sum due as in the present instance.

None of the means of defence set up in the answer have been sustained by proof, and we discover no error in the judgment except a small one in calculation; and the circumstance of the decree being against husband and wife. We see no evidence which makes him responsible for any act done in relation to the estate, and he is certainly not bound to pay the debts contracted by his wife before coverture.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and proceeding to give such judgment as should have been rendered there, it is ordered adjudged and decreed that the plaintiff do recover of the defendant Maria C. Wilson, the sum of $434 21 cents, with interest from judicial demand

West'n District, until paid, and costs in the court below, the
*Sept.* 1824. appellee paying costs in this.

WATERS
*vs.*
WILSON & AL.      *Baldwin* for the plaintiff, *Wilson* for the defendant.